## 66012. CARGILE v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of kidnapping and robbery. In his sole enumerated error, he questions the trial court's refusal to allow a witness to give his opinion of appellant's mental condition at the time of arrest.

"The presumption of sanity may be rebutted 'by evidence of the mental condition of the accused at the time of the offense, or that before and after the offense which tends to show his condition at the time of the offense.' [Cit.] 'Sanity or insanity is a proper subject for opinion evidence, and where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor.' [Cit.] 'A lay witness can give opinion testimony as long as he gives sufficient facts to form the basis of his opinion.' [Cit.]" *Chancellor v. State,* 165 Ga. App. 365, 369 (301 SE2d 294).

In the case at bar, the trial court properly sustained the objection to the question propounded by defense counsel. The witness was asked: "Do you know while he was in custody if either the City or County, did you have some problems with him concerning some mental problems perhaps?" Contrary to defense counsel's protestations at trial, the question did not seek a lay person's opinion as to the sanity or insanity of the defendant. While defense counsel did not have to lay a foundation to show that the witness was an expert before seeking his opinion regarding appellant's sanity, he did have to ask the witness his opinion as well as elicit from him a statement of facts upon which that opinion was based. The question being improperly framed, the trial court was correct in sustaining the objection.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1983.

*Richard H. Bishoff, John W. Miller,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.